UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-60400-COHN/STRAUSS

MARINETE FONSECA,

    Plaintiff,

VS.

AMERICAN AIRLINES, INC.

    Defendant.

_____/

**ORDER GRANTING DEFENDANT AMERICAN AIRLINES, INC.'S *UNOPPOSED* AMENDED MOTION FOR PHYSICAL EXAMINATION OF PLAINTIFF (DE 22)**

**THIS CAUSE** is before the Court upon Defendant's unopposed amended[1] motion for a compulsory medical examination ("CME") pursuant to Federal Rule of Civil Procedure 35 ("Motion"). (DE 22). This matter was referred to the undersigned by the Honorable James I. Cohn, United States District Court Judge. (DE 3). Having reviewed the Motion, the caselaw, and the case as a whole, the undersigned hereby **GRANTS** Defendant's Motion as explained further herein. (DE 22).

Under Federal Rule of Civil Procedure 35(a), the Court may order a party "whose mental or physical condition ... is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner" upon a showing of good cause. Fed.R.Civ.P. 35(a)(1)-(2). According to the Supreme Court, "[a] plaintiff in a negligence action who asserts mental or physical injury ... places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such

---

[1] The Court denied without prejudice Defendant's unopposed motion (DE 20) that was filed on July 1, 2020 because it failed to state the time and specific place of the examination. (DE 21).

asserted injury." *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964).  Here, there is no dispute that Plaintiff's physical condition is at issue,[2] and Defendant has shown good cause under Rule 35(a) for the exam.  Further, Defendant's Motion states that counsel for the parties have agreed upon a time and date, the office where the examination will take place, the manner and scope of the examination, and the person who will perform it.  (DE 20).  *See* Fed. R. Civ. P. 35(a)(2) (requiring an order to specify "the time, place, manner, conditions, and scope of the examination, as well as the person . . . who will perform it").  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff, MARINETE FONSECA, shall submit to a physical examination as follows:

    A. **TYPE OF EXAMINATION REQUESTED** – an orthopedic examination with **Alan S. Routman, M.D.**, an orthopedic surgeon.

    B. **DATE, TIME, AND LOCATION OF EXAMINATION** – Tuesday, July 21, 2020 at 2:30 p.m. EST at 5601 North Dixie Highway, Suite 210, Fort Lauderdale, Florida 33334.

**THE EXAMINATION WILL LAST APPROXIMATELY 1 HOUR.**

    C. **SCOPE OF EXAMINATION** – Dr. Routman will perform a physical examination of Plaintiff's left hand and left shoulder.  As part of his examination, Dr. Routman will perform a comprehensive historical physical examination and review Plaintiff's films and records.  The examination will include an evaluation of Plaintiff's range of motion, muscle strength and weaknesses in the area, percussion/palpation, stability assessment, flexibility, deep tendon reflexes,

---

[2] Plaintiff alleges that she injured her left hand and left shoulder due to Defendant's negligence in maintaining its premises.  (DE 1-2 at ¶ 8).

        neurologic assessment, and testing of joint mobility through maneuvers. The examination will also include x-rays of Plaintiff's left hand and left shoulder. The examination shall not involve any invasive testing or invasive procedures.

D.    **ADDITIONAL DETAILS ABOUT EXAMINATION** – In order to avoid a cancellation fee, there must be at least 48-business hours' notice to Dr. Routman of the cancellation of the physical examination. If the examination is not cancelled with sufficient notice, or if Plaintiff fails to appear at the examination, Dr. Routman may charge a cancellation fee. ISSUES REGARDING ANY POTENTIAL FEES FOR CANCELLATION WILL BE DECIDED BY THE COURT.[3] In order to comply with COVID-19 regulations and health concerns, Dr. Routman and his staff will be wearing protective clothing, including masks, during the examination. If requested under Fed. R. Civ. P. 35, Defendant will provide Plaintiff with a copy of Dr. Routman's expert report setting out the findings, including the results of all tests made, diagnoses and conclusions, within thirty (30) days. Defendant anticipates that Dr. Routman will give opinions on the following in his report:

(1)    Whether Plaintiff sustained the injuries alleged;

(2)    Whether Plaintiff's claimed injuries are related to the alleged incident giving rise to this litigation;

(3)    The reasonableness and necessity of Plaintiff's prior treatment;

(4)    Plaintiff's past and future need for healthcare to treat these alleged injuries; and

---

[3] The Motion indicates that Plaintiff's counsel would not agree to a $1,000 cancellation fee on Plaintiff's behalf. (DE 22 at 5).

(5) Plaintiff's current condition and limitations, if any.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 7th day of July 2020.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge

Copies furnished to counsel via CM/ECF